**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| J.M., Plaintiff, v. COMMISSIONER OF SOCIAL SECURITY, Defendant. | **Civil Action No. 25-16171 (SRC)** **OPINION** |

**CHESLER, District Judge**

This matter comes before the Court on appeal by Plaintiff J.M. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act ("Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 78.1(b), finds that the Commissioner's decision will be **AFFIRMED.**

## I. BACKGROUND

In brief, this appeal arises from Plaintiff's application for benefits, alleging disability beginning March 1, 2022. A hearing was held before Administrative Law Judge Kate Dana (the "ALJ") on October 2, 2024, and the ALJ issued an unfavorable decision on December 19, 2024. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review on August 26, 2025, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of December 19, 2024, the ALJ found that, at Step One, Plaintiff had not engaged in substantial gainful activity since the onset date of March 1, 2022. Tr. 20. At Step Two, the ALJ found Plaintiff had severe impairments of: bilateral osteoarthritis of the knees; seizure disorder; obesity; bipolar disorder; and anxiety disorder (20 CFR 404.1520(c) and 416.920(c)). *Id.* At Step Three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). *Id.* At Step Four, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). *Id.* at 22. The ALJ further found that the claimant is able to lift and carry twenty pounds occasionally and ten pounds frequently, she can stand and/or walk six hours in an eight-hour workday, she can sit for six hours in an eight-hour workday, she can occasionally climb ramps and stairs, she can never climb ladders, ropes, or scaffolds, and she can occasionally crouch, but she can never kneel or crawl. *Id.* The ALJ also found that she must avoid all exposure to hazardous machinery and unprotected heights, she can understand, remember, and carry out simple instructions, she can frequently interact with supervisors and coworkers, she can occasionally interact with the general public, and she can tolerate occasional changes in a routine work setting. *Id.* The ALJ further concluded that the claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965). *Id.* at 28.

At step five, the ALJ determined that Plaintiff could perform a significant number of jobs existing in the national economy. *Id.* at 28. Accordingly, the ALJ concluded that Plaintiff had not been disabled within the meaning of the Act. *Id.* at 29.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded because (1) the ALJ failed to properly evaluate the medical opinions and to properly determine Plaintiff's RFC and (2) the ALJ failed to properly evaluate Plaintiff's testimony.

## II. LEGAL STANDARD

As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how her impairments, whether individually or in combination, amount to a qualifying disability. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Id.* In such a case, "the claimant has the 'burden' of showing that an error was harmful." *Id.* at 410. Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

## III. LEGAL ANALYSIS

Plaintiff argues that the ALJ's opinion is inconsistent with her RFC determination for Plaintiff. Pl.'s Br. at 15. Plaintiff argues that, while her treating psychiatrist, Dr. Wells, opined that Plaintiff has "moderate" limitations, and despite the ALJ purporting to agree with these moderate limitations, her RFC finding does not accommodate the same, including findings that for

one-third of the day, Plaintiff is unable to remember locations and work-like procedures, she cannot maintain attention and concentration or complete work tasks without interruptions, she cannot accept instructions and respond appropriately to criticism from supervisors, or adhere to basic standards of neatness. *Id.* at 16. Further, Plaintiff contends that the ALJ does not provide any explanation for why she did not include such restrictions in the RFC determination after stating that she agreed with such limitations. *Id.* Plaintiff also contends that if the ALJ rejects the psychiatrist's opinion that Plaintiff would miss two to three days a month, this rejection is incorrect because the opinion is supported by appropriate medical findings specifically related to Plaintiff's mental health limitations. *Id.* at 17.

The ALJ's discussion of the opinion of Dr. Wells reads as follows:

> The undersigned is partially persuaded by the opinion of the claimants treatment provider, Dr. Kevin Wells. (3F). Dr. Wells opined that the claimant had mild to moderate limitations all four broad areas of mental functioning. (3F, p. 5). He further opined that the claimant would be absent from work two to three times per month due to her impairments. (3F, p. 6). The undersigned is persuaded in terms of Dr. Wells opinion that the claimant has mild to moderate limitations in all four broad areas of mental functioning, as these findings are supported by his corresponding treatment records and generally unremarkable objective findings on mental status examinations with documentation of ongoing improvement in the context of medication management. (5F; 10F; 13F; 19F). Moreover, this aspect of his opinion is consistent with the evidence as a whole. However, the undersigned is not persuaded by his opinion regarding the claimants absenteeism, as this finding is not supported by his corresponding treatment records, objective findings on mental status examination, or his own assessment of mild to moderate limitations; moreover, it is not consistent with the evidentiary record as a whole. (3F, p. 5; 5F; 10F; 13F; 19F).

Tr. 27.

Plaintiff argues that the ALJ erred because she found Dr. Wells' opinion partially

persuasive but did not adopt specific limitations precluding the performance of certain functions for one-third of the day. Pl.'s Br. at 15-16.

Dr. Wells opined that Plaintiff had moderate limitations in her ability to remember locations and work-like procedures, maintain attention and concentration for extended periods, complete a workday without interruptions from psychological examinations, interact appropriately with the public, accept instructions and respond appropriately to criticism from supervisors, and adhere to basic standards of neatness. Tr. 570. Moderate limitations are defined as symptoms that occasionally interfere with abilities, with "occasional" being defined as up to one-third of an eight-hour workday. *Id.* Plaintiff has misunderstood the form to mean that Dr. Wells opined that Plaintiff would be unable to do anything specific for one-third of the workday. Instead, Dr. Wells' ratings of "moderate limitations" simply assess Plaintiff as having occasional limitations that could be as frequently as one-third of the day. Dr. Wells did not opine that Plaintiff would be unable to do anything specific for one-third of the workday.

Plaintiff essentially argues that because the ALJ found this to be persuasive, the ALJ was required to include the same restrictions in the RFC. The Court disagrees.

The ALJ stated that she was partially persuaded by the opinion of Dr. Wells, but "persuaded" (without further qualification) by the opinions of the state agency reviewers as to mental limitations, which implies giving them greater weight. Tr. 26-27. The resulting RFC reflects the greater weight given to the opinions of the state agency reviewers. The ALJ limited Plaintiff to simple instructions, frequent interaction with supervisors and coworkers, occasional interaction with the general public, and occasional changes in a routine work setting. Tr. 22. These limitations account for the mental limitations identified by the state agency reviewers,

including their findings of mild to moderate limitations in understanding and memory, mild to moderate limitations in concentration, persistence, and maintaining pace, mild to moderate limitations in social interactions, and mild limitations in adaptation. Exs. 1A, p. 3; 2A, p. 3; 5A, p. 6; and 6A, p. 6. To a lesser extent, these limitations also reflect the findings of Dr. Wells who identified moderate limitations in memory, attention and concentration and found that Plaintiff had the ability to have appropriate interactions with the public. Tr. 570. These limitations reflect the ALJ's functional assessment of the evidence and reasonably account for the mental limitations she found supported by the record. Although the ALJ found Dr. Wells' opinion that Plaintiff had mild-to-moderate limitations in all four broad areas of mental functioning to be persuasive, she was not required to adopt every checkbox assessment from his treatment records or translate "moderate" to a finding that Plaintiff would be unable to work for up to one-third of the workday. Because substantial evidence supports the ALJ's formulation of the nonexertional limitations, the Court finds no error in the RFC assessment.

Next, the Court turns to Plaintiff's contention that the ALJ's rejection of Dr. Wells' opinion that Plaintiff would miss two to three days a month is incorrect. The Court agrees that the ALJ's explanation for not being persuaded was brief, stating only that the finding was not supported by Dr. Wells' treatment records or the record as a whole. *Id.* at 27.

Nevertheless, remand is not warranted. Although concise, the ALJ's reasoning is supported by substantial evidence. The state agency reviewer specifically stated that, "[t]he claimant is capable of performing simple, routine tasks with limited social interaction in a set routine work setting with limited production demands." Tr. 98. The state agency reviewer did not identify any need for recurring work absences, and Plaintiff does not identify any medical

evidence demonstrating that the record supported a finding of absenteeism in the RFC. Accordingly, because substantial evidence supports the ALJ's opinion, Plaintiff has failed to identify an error warranting remand.

Plaintiff also argues that the ALJ failed to properly evaluate Plaintiff's hearing testimony, and that the ALJ's evaluation of Plaintiff's allegations regarding her mental impairments is not supported by substantial evidence. *Id.* at 22. As with Plaintiff's first argument, she argues that the ALJ erred to the extent she rejected opinions from the treating psychiatrist based on the conclusion that they are unsupported by sufficient clinical and objective medical findings, including mental status examinations. *Id.* Defendant responds that the ALJ sufficiently explained her findings and they are supported by substantial evidence. Def.'s Br. at 4-5.

As to Plaintiff contention that the ALJ failed to properly evaluate Plaintiff's hearing testimony, the Court disagrees.

The ALJ's opinion states as follows:

> Despite the record reflecting some degree of mental impairment, it does not reflect limitations to the degree alleged by the claimant. The medical evidence falls short of demonstrating the existence of psychological symptoms and limitations that are so severe that the claimant cannot perform any work on a regular and continuing basis. The undersigned finds that the foregoing evidence reflects no more than moderate symptoms with generally effective treatment. The record documents no hospitalizations or recommendations for a higher level of care beyond medication adjustments and continued case management services during the relevant period. Overall, the record reflects symptoms of depression and anxiety with relative overall stability in the context of treatment over the longitudinal medical evidence during the relevant period.
>
> Overall, while the foregoing evidence does confirm the presence of some degree of physical and mental limitations during the relevant time period, it does not substantiate the degree of impairment alleged by the claimant since the alleged onset date. The

> undersigned has accounted for the claimant's conditions by including the restrictions as outlined within the residual functional capacity. However, the evidence does not support additional limitations. Thus, while the undersigned finds that the claimant has impairments that more than minimally affect her ability to engage in work related activities, for all of the above reasons, the undersigned is not persuaded that the degree of impairment supports additional limitations.

Tr. 25.

As Defendant correctly points out, Plaintiff's description of her symptoms, standing alone, is not enough to establish an impairment or disability. 20 C.F.R. §§ 404.1529(a) (stating that "statements about your pain or other symptoms will not alone establish that you are disabled"). While "any statements of the individual concerning his or her symptoms must be carefully considered, the ALJ is not required to credit them." *Chandler v. Comm' r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2006). On the contrary, the ALJ may discount the claimant's subjective complaints when they are unsupported by the evidence. 20 C.F.R. §§ 404.1529(a), 404.1529(c)(4).

As discussed above, the ALJ considered such factors as the medical evidence, medical opinions, daily activities, symptoms, medication and other treatment, and Plaintiff's overall treatment record to determine that Plaintiff's statements were not entirely consistent with the evidence of record. Tr. 23-27. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv)-(vi) (identifying factors that are important indicators about the intensity and persistence of Plaintiff's symptoms). As the ALJ explained, although Plaintiff sometimes experienced fluctuating symptoms from her mental health impairments, they were, overall, stable with conservative treatment, and her mental status examinations were largely unremarkable. Tr. 25. Plaintiff may disagree with the ALJ's determination, but the Court's role on review is to determine whether substantial evidence supports

the ALJ's opinion. Because the Court is satisfied that substantial evidence does exist to support the ALJ's conclusion, the Court does not find error warranting remand.

## IV. CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED**.

An appropriate Order accompanies this Opinion.

*/s/ Stanley R. Chesler*
STANLEY R. CHESLER, U.S.D.J.

Dated: August 12, 2026